ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 DEC -2 AM 10:07

CLERK _L. Teender_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| MORRIS TYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 605-077 |
| | ) |
| GLENN RICH, Warden, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The captioned matter, brought pursuant to 42 U.S.C. § 1983, is before the Court on Defendants' "Motion for Certification for Interlocutory Appeal and for Stay of Proceedings." (Doc. no. 21; see also doc. no. 24). For the reasons explained herein, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion (doc. nos. 21, 24) be **DENIED**.

Defendants have filed a motion to dismiss this action, contending that Plaintiff failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (See doc. nos. 3-4). On October 31, 2005, the Court converted Defendants' motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(b). (Doc. no. 17). Citing 28 U.S.C. § 1292(b), Defendants contend that, because exhaustion of administrative remedies is a jurisdictional prerequisite, this Court erred by considering the motion as brought pursuant to Fed. R. Civ. P. 12(b)(6) rather than Fed. R. Civ. P. 12(b)(1) and an immediate appeal of the Court's order will "materially advance the ultimate termination of the litigation." (Doc. no. 21, p. 4 (quoting 28 U.S.C. §

Case 6:05-cv-00077-BAE-WLB    Document 30    Filed 12/02/05    Page 2 of 7

1292(b)). Thus, Defendants seek leave to pursue an interlocutory appeal and to stay these proceedings pending the Eleventh Circuit's decision on the matter. The Court is not persuaded.

I.    **Defendants' Burden Under § 1292(b)**

Defendants cannot bring their prospective interlocutory appeal unless this Court certifies the matter for review.[1] Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1387 (11th Cir. 1998)(*en banc*). To obtain certification for an interlocutory appeal from this Court under § 1292(b), Defendants must meet each of three prerequisites outlined in the statute: 1) the prospective appeal involves a *controlling* question of law; 2) there is a *substantial* ground for difference of opinion; and 3) the appeal has the potential to *materially* advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b)(emphasis added). These three prongs are not easily met:

> [T]he appeal from interlocutory orders [under § 1292(b)] should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases, where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided.

McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1256 (11th Cir. 2004)(internal quotation and citation omitted).

Of particular interest here, the appeal must present a question of law the resolution

---

[1] The Court is aware that Defendants could also seek interlocutory appeal under the collateral order doctrine. U.S. ex rel. Sarasola v. Aetna Life Ins. Co., 319 F.3d 1292, 1300 (11th Cir. 2003). However, the collateral order doctrine is "narrow" and requires that the order appealed from 1) conclusively determine the disputed question, 2) resolve an important issue that is completely separate from the merits of the action, and 3) be effectively unreviewable on appeal from a final judgment. Id. (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)). The Court doubts that Defendants can satisfy these requirements; at any rate, that matter would be for the Eleventh Circuit to decide, should Defendants attempt to appeal without certification from this Court under § 1292(b).

2

of which "would serve to avoid a trial or otherwise substantially shorten the litigation." Id. at 1259. Also, if the parties and issues before this Court will remain the same regardless of the disposition of the prospective appeal, then interlocutory appeal is inappropriate. Id. at 1259 (citing Ashmore v. Northeast Petrol. Div., 855 F. Supp. 438, 440 (D. Me. 1994)). Finally, matters within the discretion of the trial court are not properly the subject of an interlocutory appeal under § 1292(b). Id. at 1258 (quoting Garner v. Wolfinbarger, 430 F.2d 1093, 1096-97 (5th Cir. 1970)); see also Armstrong, 138 F.3d at 1386.

Here, although Defendants seek to raise a pure question of law on appeal--whether § 1997e(a) is jurisdictional--the Court is not convinced: 1) that there is a substantial ground for difference of opinion on the matter, or 2) that an "answer to [Defendants'] question [would] substantially reduce the amount of litigation left in the case." McFarlin, 381 F.3d at 1259.

## II.  There Is No Substantial Ground For Disagreement.

Of course, Defendants are correct that the Eleventh Circuit has not yet decided whether § 1997e(a) is a jurisdictional prerequisite to filing suit. Brown v. Sikes, 212 F.3d 1205, 1207 n.2 (11th Cir. 2000); see also Chandler v. Crosby, 379 F.3d 1278, 1286 n.16 (2004). However, in Brown and Chandler the Eleventh Circuit acknowledged that "[m]ost courts addressing this issue have decided that § 1997e(a) is not a jurisdictional mandate." Chandler, 379 F.3d at 1286 n.16 (quoting Brown, 212 F.3d at 1207 n.2). In fact, *all* the courts of appeal--excepting only the Eleventh Circuit--have held that § 1997e(a) is not a jurisdictional requirement.[2] Indeed, the Supreme Court itself appears to have simply

---

[2] See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005); Bey v. Johnson, 407 F.3d 801, 805 (6th Cir. 2005); Fitzgerald v. Corrections Corp. of America, 403

3

assumed that exhaustion under § 1997e(a) is not jurisdictional and may be waived. See Johnson v. California, __ U.S. __, 125 S. Ct. 1141, 1159 n.1 (2005)(J. Thomas, dissenting)("The majority thus assumes that statutorily mandated exhaustion is not jurisdictional and that California has waived the issue by failing to raise it.").

The conclusion that exhaustion is not jurisdictional is bolstered by the plain language of § 1997e. As many other courts have noted, § 1997e(c)(2) explicitly empowers the district court to dismiss any claim that is frivolous, malicious, fails to state a viable claim, or seeks monetary damages from a defendant who is immune from such relief *irrespective of whether the claim has been exhausted*. 42 U.S.C. § 1997e(c)(2). This provision would make no sense if the exhaustion requirement were jurisdictional in nature. A court cannot dismiss a claim on its merits if it lacks jurisdiction to consider the claim.

Moreover, the Eleventh Circuit's caselaw interpreting the PLRA indicates that it agrees with the other courts of appeal and this Court. See McFarlin, 381 F.3d at 1258 (explaining that interlocutory appeal is inappropriate where the court of appeals agrees with the district court). First of all, the Eleventh Circuit has explained that a "claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998). This suggests that dismissal under § 1997e(a) is better understood as falling under the rubric of Rule 12(b)(6)--which allows for the conversion of motions which present matters outside

---

F.3d 1134, 1138-39 (10th Cir. 2005); Johnson v. Johnson, 385 F.3d 503, 522 n.14 (5th Cir. 2004); Ortiz v. McBride, 380 F.3d 649, 656 (2d Cir. 2004); Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003); Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002); Ali v. District of Columbia, 278 F.3d 1, 6 (D.C. Cir. 2002); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000); Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000); Massey v. Helman, 196 F.3d 727, 732 (7th Cir. 1999).

4

the pleading--rather than Rule 12(b)(1). Also, in Miller v. Tanner, 196 F.3d 1190, 1192 (11th Cir. 1999), the Eleventh Circuit reviewed a district court's decision to grant "a motion, styled 'Defendants' Motion to Dismiss and Motion for Summary Judgment,'" in which the defendants argued that Miller had failed to exhaust his administrative remedies before bringing suit. Notably, the Eleventh Circuit explained:

> The district court's order "grant[ed] Defendants' Motion for Summary Judgment and Motion to Dismiss." Because the district court relied on at least one of appellees' affidavits in support of their motion in making its decision, we assume that the district court granted a motion for summary judgment and in the same breath, dismissed Miller's complaint, as amended, without prejudice. Our review is of the district court's grant of summary judgment.

Miller, 196 F.3d at 1192 n.5.

This Court's decision to treat Defendants' motion to dismiss as a motion for summary judgment mirrors the approach taken by the Eleventh Circuit in Miller. Also of note, in an unpublished case the Eleventh Circuit affirmed a district court's grant of summary judgment and dismissal of a prisoner's claims without prejudice based on failure to exhaust administrative remedies. See Brown v. Hobbs, No. 03-14966, slip op. at 3 (11th Cir. Mar. 11, 2004). Simply put, Rivera, Tanner, and Brown support this Court's decision to treat a motion to dismiss for failure to exhaust administrative remedies as arising under Rule 12(b)(6)--and therefore subject to conversion if matters outside the pleading are presented--rather than Rule 12(b)(1).

In addition, in a recent case the Eleventh Circuit held that the PLRA's exhaustion requirement contains a procedural default component. See Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005). Under Johnson, if an inmate defaults on his claims by failing to timely pursue administrative remedies, the court may dismiss the claim *with prejudice*

pursuant to § 1997e(a). Id. at 1155, 1157 (emphasis added). As noted *supra* with reference to § 1997e(c)(2), if the failure to exhaust administrative remedies deprives the court of subject matter jurisdiction, then the court has no authority to render a judgment on the merits by entering a dismissal with prejudice. See, e.g., Georgia Advocacy Office, Inc. v. Camp, 172 F.3d 1294, 1299 (11th Cir. 1999); Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984).

Furthermore, in deciding that the PLRA's exhaustion requirement contains a procedural default element, the Eleventh Circuit explicitly analogized § 1997e(a) to the exhaustion requirements applicable in habeas cases brought pursuant to 28 U.S.C. § 2254. See Johnson, 418 F.3d at 1157-58. The statutory exhaustion requirements of § 2254(b)(1)(A) are clearly not jurisdictional in nature. Winck v. England, 327 F.3d 1296, 1299 (11th Cir. 2003)(quoting Esslinger v. Davis, 44 F.3d 1515, 1524 n.33 (11th Cir. 1995)). Given that § 1997e(a) and § 2254(b)(1)(A) pose similar requirements and share similar policy goals and underlying rationales, it would seem counterintuitive to read a jurisdictional prerequisite into § 1997e(a), but not § 2254(b)(1)(A). This is especially true when one considers the plain language of § 1997e(c)(2), which (as noted *supra*) appears to foreclose any conclusion that Congress intended to erect a jurisdictional barrier. In sum, it is apparent that the PLRA's exhaustion requirement, while mandatory, is not jurisdictional in nature.

### III.   An Appeal Will Not Materially Advance This Litigation.

More importantly, even assuming *arguendo* that § 1997e(a) is a jurisdictional prerequisite as Defendants argue, their prospective appeal has no potential to materially advance this litigation. First, the parties and the key issue at this point in the case--whether Plaintiff has in fact exhausted available administrative remedies--will remain the same. It

should be recognized that regardless of whether Defendants' motion to dismiss is treated as arising under Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 56, the Court will consider matters outside the pleadings and the parties will be entitled to conduct discovery aimed at answering the question of exhaustion.[3]

Thus, contrary to Defendants' averments, an interlocutory appeal in this case would neither conserve judicial resources nor shorten this litigation. Indeed, allowing Defendants to pursue an interlocutory appeal would instead delay progress in this case and waste judicial resources. Defendants' motion for certification of an interlocutory appeal is ill-taken and should be denied.

### IV. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants' "Motion for Certification for Interlocutory Appeal and for Stay of Proceedings" (doc. nos. 21, 24) be **DENIED**.

SO REPORTED and RECOMMENDED this 2nd day of December, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] Matters outside the pleadings are properly considered when a party raises a "[f]actually based" challenge to subject matter jurisdiction. See, e.g., Goodman ex rel Goodman v. Sipos, 250 F.3d 1327, 1332 n.6 (11th Cir. 2001). Likewise, a district court generally cannot dismiss a case for lack of jurisdiction without providing the plaintiff an "opportunity to discover facts that would support his allegations of jurisdiction." Majd-Pour v. Georgiana Community Hospital, Inc., 724 F.2d 901, 903 (11th Cir. 1984). Thus, the matter of whether Defendants' motion is construed as brought pursuant to Rule 12(b)(1) or Rule 56 has little impact upon the procedural posture and progress of this case.